IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, REHABILITATION SERVICES ADMINISTRATION, <br><br> Defendant. | CV. NO. 08-00044 DAE-BMK |

ORDER DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

On January 11, 2010, the Court heard Plaintiff's Motion to Enforce Judgment and for Permanent Injunction. Susan Kern, Deputy Attorney General, appeared at the hearing on behalf of Plaintiff; Edric Ming-Kai Ching, Assistant U.S. Attorney, appeared at the hearing on behalf of Defendant. In an Amended Order filed January 13, 2010 (the "Amended Order")[1], this Court severed Plaintiff's Motion to Enforce Judgment from Plaintiff's Motion for Permanent

---

[1] The Amended Order corrected a typographical error in the original Order filed January 12, 2010. That original ordered had erroneously stated that the hearing took place on January 11, 2009.

Injunction and denied Plaintiff's Motion to Enforce Judgment.  After reviewing the motion and the supporting and opposing memoranda, the Court now **DENIES** Plaintiff's Motion for Permanent Injunction. (Doc. # 60.)

The standard for granting a permanent injunction is essentially the same as for granting a preliminary injunction, except that a party seeking a permanent injunction must prove actual success on the merits as opposed to merely showing a likelihood of success on the merits.  Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987).  Therefore, a plaintiff seeking a permanent injunction must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExhange, LLC, 547 U.S. 388, 391 (2006); see also Geertson Seed Farms v. Johanns, 570 F.3d 1130, 1136 (9th Cir. 2009) (applying the four-part test for permanent injunctive relief).  "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court."  eBay Inc., 547 U.S. at 391.  Indeed, the "grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances,

and a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." N. Cheyenne Tribe v. Norton, 503 F.3d 836, 843 (9th Cir. 2007) (quoting Weinberger v. Romero-Barcelo, 456 U.S. 305, 313 (1982)).

For the reasons set forth in this Court's Amended Order, Plaintiff has failed to demonstrate that it has suffered an irreparable injury and has failed to prove actual success on the merits. Plaintiff has failed to demonstrate that the Navy is in violation of this Court's Arbitration Order. Also in the Amended Order, the Court concluded that Plaintiff has not demonstrated that the Navy is in violation of the RSA, and further concluded that Plaintiff's motion in federal court was premature. Plaintiff's grievance should have been, and may still be, brought anew before an arbitration panel as provided in the RSA.

Accordingly, Plaintiff's Motion for Permanent Injunction is DENIED.

CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion for Permanent Injunction.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 13, 2010.



David Alan Ezra
United States District Judge

State of Hawaii v. U.S. Department of Education, CV No. 08-00044 DAE-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION