IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| STATE OF HAWAII, DEPARTMENT OF HUMAN SERVICES, | ) ) ) ) | CV. NO. 08-00044 DAE-BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, REHABILITATION SERVICES ADMINISTRATION, | ) ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER DENYING BOWFIN MUSEUM'S MOTION TO RECONSIDER ORDER DENYING BOWFIN MUSEUM'S MOTION TO INTERVENE AND/OR TO CONSOLIDATE THIS CASE WITH CIVIL NO. 09-00467

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Pacific Fleet Submarine Memorial Association, Inc., dba The USS Bowfin Submarine Museum and Park's ("Bowfin Museum's") motion and the supporting and opposing memoranda, the Court **DENIES** Bowfin Museum's Motion to Reconsider.  (Doc. # 73.)

## BACKGROUND

The parties are familiar with the facts of this case, and the Court recounts only that information pertinent to disposition of the instant motion. Bowfin Museum seeks reconsideration of this Court's December 23, 2009 Order (the "Consolidation Order"), which denied Bowfin Museum's motion to intervene as a party or to consolidate this case (the "Navy Action") with Civil Number 09-00467 (the "Bowfin Action"). Bowfin Museum had filed this motion to intervene or consolidate on December 4, 2009, over one year after this Court entered judgment in the Navy Action on November 12, 2008. Bowfin Museum's motion was filed shortly after the State of Hawai`i Department of Human Services ("Plaintiff") filed its motion to enforce judgment and for permanent injunction against the U.S. Department of Education ("Defendant") on October 30, 2009. Both Plaintiff and Defendant opposed Bowfin Museum's motion.

In the Consolidation Order, the Court determined that Bowfin Museum's motion to intervene was untimely and prejudicial to the parties. The Court also determined that consolidating the Bowfin Action with the Navy Action would be inappropriate because of the very different stages of litigation both cases were in, the fact that there were different named parties in the two actions, and the

2

fact that the Bowfin Action would present legal issues not otherwise in the Navy Action, including questions of subject matter jurisdiction.

In an Order filed January 13, 2010, this Court denied Plaintiff's motion to enforce judgment (the "Enforcement Order"). (Doc. # 79.) The Court deemed Plaintiff's motion to enforce judgment premature and without merit. Also on January 13, 2010, the Court denied Plaintiff's motion for a permanent injunction (the "Injunction Order"). (Doc. # 80.) Plaintiff failed to demonstrate that it had suffered an irreparable injury and failed to prove actual success on the merits. Plaintiff also failed to demonstrate that the Navy was in violation of this Court's November 12, 2008 Order Reversing in Part and Affirming in Part Administrative Arbitration Panel's Decision (the "Arbitration Order"). The Court directed Plaintiff to bring its grievance before an arbitration panel, should Plaintiff believe that Defendant and the Navy is in violation with the Randolph-Sheppard Vending Stand Act, 20 U.S.C. §§ 107-107f (the "RSA").

In the meantime, Bowfin Museum had filed the instant motion for reconsideration of this Court's Consolidation Order. (Doc. # 73.) On January 11, 2010, Plaintiff filed an Opposition to Bowfin Museum's motion. (Doc. # 77.) On January 14, 2010, Defendant also filed an Opposition. (Doc. # 81.) On January 25, 2010, Bowfin Museum filed a Reply. (Doc. # 82.)

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Three predominant grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988); see also Carnell, 872 F. Supp. at 758-59.

Fed. R. Civ. P. 60(b) provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

The District of Hawaii has implemented the federal standards in Local Rule 60.1. Motions seeking reconsideration of case-dispositive orders are governed by Rule 59 or 60 of the Federal Rules of Civil Procedure. Motions for reconsideration of interlocutory orders may be brought only upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Id.

## DISCUSSION

The Court's January 13, 2010 Enforcement Order and Injunction Order terminated all further proceedings in the Navy Action. The Court

determined that Plaintiff had not demonstrated that Defendant or the Navy was in violation of the Court's Arbitration Order, that both the motion to enforce and motion for injunction were premature, and that Plaintiff should instead bring its grievance before an arbitration panel.  To date, neither party to the Navy Action has filed a motion for reconsideration of either January 13, 2010 Order.  Judgment in the Navy Action was entered on November 12, 2008, and there are no pending motions.  Bowfin Museum's motion for reconsideration of the order denying its motion to intervene or consolidate the case is therefore moot.  There is no longer a Navy Action with which to intervene or to consolidate with the Bowfin Action.

        Alternatively, Bowfin Museum's motion for reconsideration fails because it does not present new evidence previously unavailable or demonstrate a manifest error of law or fact in this Court's <u>Consolidation Order</u>, which is the subject of this motion for reconsideration.  Bowfin Museum's repeated protests against this Court's 2008 <u>Arbitration Order</u> are not properly raised in a motion for reconsideration of a different order.

        Bowfin Museum seeks reconsideration of this Court's Consolidation Order based upon "manifest errors of law and/or fact." (Mot. at 1.)  The motion for reconsideration makes two primary arguments:  (1) this Court erred when it determined that the motion to intervene/consolidate was untimely; and (2) this

Court did not have jurisdiction to issue the original Arbitration Order on November 12, 2008. (Id. at 2, 4.)

In the first instance, Bowfin Museum mischaracterizes this Court's explanation for why intervention or consolidation would be untimely. Bowfin Museum implies that this Court's timeliness decision was based exclusively on whether Bowfin Museum had been apprised of the lawsuit at a particular time. To the contrary, this Court was quite clear that a number of factors lead to the Court's decision that intervention or consolidation was untimely. Judgment was entered in the underlying case on November 12, 2008, over one year before Bowfin Museum sought to intervene. (Consolidation Order at 2.) The Court identified a number of ways in which the parties would be prejudiced by Bowfin Museum's intervention, including being forced to relitigate old issues as well as entirely new issues after judgment has already been entered and the case had closed. (Id. at 3.) Intervention or consolidation was also prejudicial because new legal issues would be added to the case not raised earlier, including whether the Court has subject matter jurisdiction to hear a suit by a private, non-blind vendor under the RSA. The Court did note that Bowfin Museum's claim that it had been aware of the prior action was unconvincing. However, the Court made very clear that, notwithstanding whether Bowfin Museum had been aware of the case, it was simply too untimely and

prejudicial to intervene in the Navy Action when the case was already closed and judgment entered.[1] Moreover, the Court noted that Bowfin Museum had filed its own lawsuit, to be litigated before this Court. Finally, the January 4, 2010 declaration of Captain Gerald Hofwolt attesting to the fact that Bowfin Museum was unaware of the case is evidence that could have been brought before in Bowfin Museum's original motion to intervene, and is therefore barred from being presented to this Court at this juncture.

---

[1] Bowfin Museum's reliance on Richards v. Jefferson County, 517 U.S. 793, 798 (1996), is misplaced. (Reply at 3.) In Richards, taxpayers brought a declaratory judgment action challenging the constitutionality of a state tax ordinance. Relying on the doctrine of res judicata, the state court had barred this suit because a similar action had been adjudicated earlier. The U.S. Supreme Court noted that "a State may not, consistently with the Fourteenth Amendment, enforce a judgment against a party named in the proceedings without a hearing or an opportunity to be heard." Id. at 797 n.4. The Supreme Court also stated that "a judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of strangers to those proceedings." Id. at 798. The current action before this Court is different from Richards in a number of respects. First, the matter before this Court now is Bowfin Museum's motion for reconsideration of an intervention motion, not the substantive issues resolved in a prior order. Second, Bowfin Museum has already filed its own separate action which remains to be litigated, and to date Bowfin Museum has not been prevented from bringing this second action. Indeed, Bowfin Museum's motion to file an amended complaint in Civ. No. 09-00467 is pending before Magistrate Judge Chang. Finally, this Court has not bound Bowfin Museum to any particular judgment; this Court's Arbitration Order found the Navy to be in violation.

As to this Court's Arbitration Order, Bowfin Museum has no basis to now bring its motion for reconsideration of this Court's Arbitration Order, which was issued over one year ago. Bowfin Museum dedicates ten of its thirteen-page motion to arguing that this Court "lacked subject matter jurisdiction under the [RSA] . . . to impose a blind vendor facility at the property leased by the Bowfin Museum." (Mot. at 4.) Bowfin Museum disputes that either it[2], or the Navy, is in violation of the RSA, and Bowfin Museum disputes the Court's jurisdiction to issue the Arbitration Order.

These arguments are clearly inapposite to whether this Court should reconsider its Consolidation Order denying Bowfin Museum's request to intervene or consolidate. First, even assuming Bowfin Museum were to have a substantive basis for this objection, any such objection is clearly time-barred, as a motion for reconsideration asserted on the basis of "manifest error of law or fact" must be brought within fourteen days after the order is filed. Second, Bowfin Museum's arguments are misplaced, as this Court did not order that any particular action be taken against Bowfin Museum at any particular time. The Court simply reversed

---

[2] The Court notes that at no time in the Navy Action has the Court held Bowfin Museum to be in violation of the RSA.

the arbitration order which had held the RSA did not apply. As the Court has made clear in its January 13, 2010 Enforcement Order and Injunction Order, the Court has not required the Navy to take any particular action within a particular time frame, and any argument that the State of Hawai`i may have that a party is not in compliance with the RSA must be brought before the arbitration panel. Third, Bowfin Museum's current motion for reconsideration pertains specifically to this Court's Consolidation Order, <u>not</u> this Court's 2008 Arbitration Order. At this juncture, Bowfin Museum may bring arguments as to why this Court may have erred in not permitting intervention/consolidation, not whether this Court may have erred in an order filed over one year ago.

It is apparent to this Court that Bowfin Museum seeks to raise arguments more appropriately presented in its own separate lawsuit pending before this Court. Focusing on the matter at hand, Bowfin Museum has not presented compelling new evidence or a manifest error of law or fact within the Court's Consolidation Order as to why Bowfin Museum should have been permitted to intervene or consolidate the actions. Accordingly, Bowfin Museum's motion for reconsideration is DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Bowfin Museum's Motion for Reconsideration.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 29, 2010.

_____
David Alan Ezra
United States District Judge

State of Hawaii v. U.S. Department of Education, CV No. 08-00044 DAE-BMK; ORDER DENYING BOWFIN MUSEUM'S MOTION TO RECONSIDER ORDER DENYING BOWFIN MUSEUM'S MOTION TO INTERVENE AND/OR TO CONSOLIDATE THIS CASE WITH CIVIL NO. 09-00467